** PART II **
III. THE EFFECT OF WAGES
YOU NEXT INQUIRE WHETHER THE FACT THAT INMATES RECEIVE WAGES FOR THEIR WORK AFFECTS THE CONSTITUTIONALITY OF CONTRACTS INVOLVING INMATE LABOR. THE COURT'S CONSTITUTIONAL ANALYSIS IN RICE V. STATE OF OKLAHOMA DID NOT INCLUDE THE FACT THAT INMATES MAY RECEIVE COMPENSATION FOR THEIR SERVICES. IN FACT, WAGES ARE MERELY A PRIVILEGE PROVIDED TO MOST EMPLOYED INMATES TO FURTHER SUCH OBJECTIVES AS DISCIPLINE, REHABILITATION, AND REFORMATION. CUMBEY V. STATE OF OKLAHOMA, 699 P.2D 1094, 1097 (OKLA.1985). THEREFORE, THE PAYMENT OF WAGES TO AN EMPLOYED INMATE PURSUANT TO A CONTRACT DOES NOT AFFECT THE CONSTITUTIONALITY OF THE CONTRACT.
IV. CONSTITUTIONALITY OF 57 O.S. 218 AND 57 O.S. 549 (1991)
YOUR FOURTH QUESTION CONCERNS THE SPECIFIC OKLAHOMA STATUTES DEALING WITH PRISON LABOR. YOU ASK WHETHER THESE STATUTES ARE CONSTITUTIONAL. TWO STATUTES EXIST WHICH BASICALLY PROVIDE THE AUTHORITY FOR CONTRACTS INVOLVING INMATE LABOR. THESE STATUTES ARE 57 O.S. 218, WHICH IS A PART OF THE PRISON PUBLIC WORKS PROJECTS ACT, AND 57 O.S. 549 (1991).
THE ANALYSIS OF THE CONSTITUTIONALITY OF ANY STATUTE MUST BEGIN WITH THE ACKNOWLEDGMENT THAT STATUTES ARE PRESUMED CONSTITUTIONAL UNTIL THE STATUTE'S INVALIDITY IS SHOWN BEYOND ANY DOUBT. WAY V. GRAND LAKE ASS'N. INC., 635 P.2D 1010, 1017 (OKLA.1981), CITING HERNDON. JUDGE V. ANDERSON, 25 P.2D 326 (OKLA.1933). THEREFORE, UNLESS OVERWHELMING EVIDENCE TO THE CONTRARY IS SHOWN, THE TWO PERTINENT STATUTES ARE PRESUMED TO BE CONSTITUTIONAL. IN THAT THE STATUTES CLOSELY MIRROR THE CASE LAW REGARDING THE CONSTITUTIONALITY OF CONTRACTS INVOLVING INMATE LABOR, I WOULD CONCLUDE THAT THEY ARE CONSTITUTIONAL.
. PUBLIC WORKS PROJECTS ACT
TITLE 57 O.S. 218 AUTHORIZES CONTRACTS WITH PUBLIC AGENCIES WHICH PROVIDE INMATE LABOR FOR PUBLIC WORK PROJECTS. THE PUBLIC WORKS PROJECTS ACT, CODIFIED AS 57 O.S. 215 (1991), ET SEQ., REQUIRES THAT THE PROJECTS FOR WHICH INMATE LABOR IS USED BE NECESSARY FOR THE PUBLIC WELL-BEING OR CONDUCIVE TO REHABILITATION AND THE REDUCTION OF RECIDIVISM. 57 O.S. 216(2). BECAUSE OF THIS REQUIREMENT, THE CONTRACTS MADE PURSUANT TO THIS ACT ARE AUTHORIZED BY ARTICLE II , SECTION 31 OF THE CONSTITUTION, WHICH PROVIDES THAT THE STATE MAY ENGAGE IN ALL BUSINESS WHICH IS CONDUCTED FOR A PUBLIC PURPOSE. IN ADDITION, THE CONTRACTS FORMED UNDER THIS ACT WOULD FALL OUTSIDE THE SCOPE OF ARTICLE XXIII , SECTION 2, WHICH PROHIBITS CONTRACTING SOLELY FOR THE PURPOSE OF PROVIDING INMATE LABOR, BECAUSE THE PURPOSE OF CONTRACTS MADE UNDER THIS ACT WOULD BE TO PROVIDE INMATES WITH EMPLOYMENT. FURTHERMORE, THE INMATES WOULD REMAIN UNDER THE CONTROL OF THE STATE IF THE CONTRACTS WERE MADE WITH A STATE AGENCY OR POLITICAL SUBDIVISION; THEREFORE, INHUMANE TREATMENT AT THE HANDS OF PRIVATE EMPLOYERS — WHICH THE RICE COURT DETERMINED WAS THE EVIL WHICH ARTICLE XXIII , SECTION 2 SOUGHT TO PREVENT — WOULD NOT OCCUR.
B. OKLAHOMA PRISON INDUSTRIES STATUTES
TITLE 57 O.S. 549 IS THE SECOND STATUTORY SOURCE WHICH AUTHORIZES THE CREATION OF CONTRACTS INVOLVING INMATE LABOR. TITLE 57 O.S. 549 ENABLES THE DEPARTMENT OF CORRECTIONS TO MAKE LEASES OR CONTRACTS CONSISTENT WITH THE OPERATION OF PRISON INDUSTRIES. TITLE 57 O.S. 549.1 SPECIFIES THAT THE DEPARTMENT MAY PURCHASE THE MATERIAL NECESSARY FOR SUCH INDUSTRIES AND EMPLOY THE NECESSARY SUPERVISORY PERSONNEL. THIS STATUTE ALSO STATES THAT STATE AGENCIES, DEPARTMENTS, AND INSTITUTIONS MUST PURCHASE FROM THE PRISON INDUSTRIES, WHILE POLITICAL SUBDIVISIONS OF THE STATE HAVE THE OPTION OF PURCHASING FROM THIS SOURCE. 57 O.S. 549.1(B) AND 57 O.S. 549.1(D). NON-PROFIT AND OTHER CHARITABLE ORGANIZATIONS AND THE FEDERAL GOVERNMENT MAY ALSO PURCHASE GOODS AND SERVICES FROM THE PRISON INDUSTRIES. NO OTHER ENTITIES MAY PURCHASE GOOD AND SERVICES PRODUCED FROM PRISON INDUSTRIES, WITH THE EXCEPTION THAT SURPLUS AGRICULTURAL PRODUCTS MAY BE SOLD; NEW LEGISLATION EFFECTIVE JULY 1, 1992, WILL ALLOW SURPLUS AGRICULTURAL PRODUCTS OF PRISON INDUSTRIES TO BE EXCHANGED FOR OTHER FOOD, FEED, OR SEED PRODUCTS. 1992 OKLA. SESS. LAWS, C. 77, 1.
BECAUSE THE PURPOSE OF PRISON INDUSTRIES IS TO PROVIDE INMATES WITH EMPLOYMENT, CONTRACTS MADE PURSUANT TO THESE STATUTES ARE CONSIDERED TO BE MADE FOR A PUBLIC PURPOSE. FURTHERMORE, 57 O.S. 549 AND 57 O.S. 549.1 ALLOW ONLY PUBLIC AGENCIES TO PURCHASE NON-SURPLUS INMATE-PRODUCED GOODS AND SERVICES; THUS, PUBLIC ORGANIZATIONS SUCH AS STATE AGENCIES AND POLITICAL SUBDIVISIONS ARE THE ENTITIES WHICH BENEFIT FROM THE INMATE LABOR. THEREFORE, THE CONTRACTUAL AGREEMENTS MADE IN CONNECTION WITH PRISON INDUSTRIES ARE MADE FOR A PUBLIC PURPOSE AND ARE SANCTIONED BY ARTICLE II , SECTION 31 OF THE CONSTITUTION.
IN ADDITION, SUCH CONTRACTS DO NOT VIOLATE THE MANDATE OF ARTICLE XXIII , SECTION 2 , WHICH PROHIBITS CONTRACTS MADE SOLELY FOR THE PURPOSE OF LEASING OUT INMATE LABOR. LIKE THE CONTRACT IN THE RICE CASE, CONTRACTS FORMED PURSUANT TO THE PRISON INDUSTRY STATUTES INVOLVE INMATE LABOR PERFORMED INSIDE THE PRISON AND UNDER THE DIRECT CONTROL OF THE STATE. THE POTENTIAL FOR INMATE ABUSE FROM PRIVATE CORPORATIONS WHICH ARTICLE XXIII , SECTION 2 SOUGHT TO PROHIBIT IS AVOIDED UNDER THESE CONTRACTS.
C. STATUTORY RESTRICTIONS
ALTHOUGH RICE AND SIBEL INDICATE THAT THE CONSTITUTION ALLOWS THE CONTRACTS AUTHORIZED UNDER THE PUBLIC WORKS PROJECTS ACT AND THE STATUTES PROVIDING FOR PRISON INDUSTRY, THE STATUTES DO PROVIDE RESTRICTIONS ON CONTRACTS INVOLVING INMATE LABOR. TITLE 57 O.S. 218, WHICH IS A PORTION OF THE PUBLIC WORKS PROJECTS ACT, RESTRICTS THE USE OF INMATE LABOR TO CONTRACTS MADE WITH PUBLIC AGENCIES. SECTION 57 O.S. 222 OF THAT TITLE LIMITS INMATE LABOR PERFORMED PURSUANT THE PUBLIC WORKS PROJECTS STATUTES TO PUBLIC PROPERTY, EXCEPT THAT INMATE LABOR MAY BE USED ON PRIVATE PROPERTY FOR A PUBLIC PURPOSE. RECENT LEGISLATION, EFFECTIVE JULY 1, 1992, ILLUSTRATES AN INSTANCE WHEN THE USE OF INMATE LABOR ON PRIVATE PROPERTY MAY BE PERMITTED: UNDER THE NEW ADDITION TO 222, INMATES MAY BE USED TO REMOVE GRAFFITI OFFENSIVE TO THE PUBLIC FROM PRIVATE BUILDINGS. FINALLY, 74 O.S. 123(F) (1991) PROHIBITS THE SALE OR EXCHANGE OF PRISON INDUSTRY PRODUCTS TO ENTITIES OTHER THAN THE STATE, ITS AGENCIES, OR ITS POLITICAL SUBDIVISIONS, OR TO CHARITY. TITLE 74 O.S. 123(F) PROHIBITS THE SALE OF PRODUCTS MADE BY INMATE EMPLOYED IN PRISON INDUSTRIES ON THE OPEN MARKET TO PRIVATE ENTITIES EXCEPT FOR SURPLUS PERISHABLE PRODUCTS OR PRODUCTS NOT GENERALLY MANUFACTURED IN THIS STATE.
V. CONCLUSION
FOR THE ABOVE-STATED REASONS, IT IS THE OPINION OF THE UNDERSIGNED COUNSEL THAT:
 1) ARTICLE XXIII , SECTION 2 PROHIBITS ONLY CONTRACTS FORMED FOR THE SOLE PURPOSE OF "CONTRACTING OUT" INMATE LABOR WHEN THE CONTRACT RESULTS IN A PRIVATE ENTITY HAVING PHYSICAL CONTROL OVER THE INMATES.
 2) CONTRACTS FORMED FOR THE PURPOSE OF PROVIDING INMATES WITH EMPLOYMENT ARE FORMED FOR A PUBLIC PURPOSE AND ARE CONSTITUTIONAL.
 3) THE PAYMENT OF WAGES TO AN INMATE PURSUANT TO A CONTRACT DOES NOT AFFECT THE CONSTITUTIONALITY OF THE CONTRACT.
 4) BOTH THE STATUTES AUTHORIZING INMATE WORK ON PUBLIC WORKS PROJECTS AND THE STATUTES AUTHORIZING INMATE LABOR IN PRISON INDUSTRIES FIND SANCTION IN ARTICLE II , SECTION 31 OF THE CONSTITUTION. FURTHERMORE, THESE STATUTES ARE OUTSIDE THE SCOPE OF THE PROHIBITION IN ARTICLE XXIII, 2, AGAINST THE CONTRACTING OUT OF INMATE LABOR.
(LINDA K. SOPER)